EASTERN DIS.
*April,* 1834.

LONGPRE
*vs.*
WHITE.

---

## LONGPRE *vs.* WHITE.

#### APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The sureties on a curator's bond, are not bound in warranty to purchasers of property belonging to the succession administered by him.

The responsibilities of sureties in bonds, given to secure the faithful discharge by curators of their duties, renders them liable for misconduct, onty to the heirs and creditors of the deceased.

The plaintiff claimed of Maunsel White, as the surety of the late John A. Foote, in a curator's bond, the sum of three thousand one hundred and twenty-four dollars.

The plaintiff alleges that on the 15th October, 1811, Christopher Elliot, now deceased, purchased from the corporation of the city of New-Orleans, and under a ground rent, a lot situated in the city, at the corner of Bienville and Rampart streets.

The said Elliot had already commenced erecting thereon some buildings, which were still unfinished when he died, some time in the year 1811, leaving a widow and

several minor children, but who were all absent, and not represented in the then territory.

John A. Foote was appointed curator to the said estate, on the 28th of September, 1811, and executed on the same day his bond, with James Martin and Maunsel White, as his securities *in solido*, for three thousand one hundred and twenty-four dollars, conditioned that the said administrator should well, and according to law, administer the said estate, and should render a true, just and perfect account of his actions and doings, whenever lawfully required to do so.

Foote, having caused an inventory to be taken of the estate, provoked the sale at public auction, of the property belonging to said estate, and especially of the said lot and buildings, which were adjudicated to Samuel Elkins, of this city, as having been the highest bidder thereof.

The lot and buildings were afterwards sold by Elkins to George T. Ross, now deceased, for a valuable consideration, and at certain terms of credit, and that the purchaser having failed to comply with the terms and conditions of the said sale, Elkins caused the property to be seized and sold. It was adjudicated to Louis Brognier Déclouet.

Declouet sold the property to petitioner, who, after having erected several outbuildings and made considerable improvements thereon, sold the same to Louis J. Labarre, now deceased.

A suit was instituted by William Elliot and others, the lawful children and heirs of the late Christopher Elliot, against the widow and heirs of the said Louis J. Labarre, his purchaser, in order to evict them from the aforesaid lot and buildings, as having been illegally sold by Foote, as curator to the estate of their deceased father.

The plaintiff also alleges that in consequence of the said claim, the widow and heirs of Labarre called the plaintiff in warranty, and the plaintiff cited in warranty Déclouet; that the heirs succeeded in obtaining a judgment, by which the sale made of their ancestor's property was declared null, and the plaintiff was at the same time condemned to pay to the widow and heirs a sum of five thousand seven hundred sixty-

three dollars and seventy-five cents, for damages he had thereby suffered, which amount the plaintiff was decreed to be entitled to recover from Déclouet; that the plaintiff paid to the said widow and heirs of Labarre, including the interests and costs, the sum of six thousand three hundred twenty-nine cents, without being able to recover from his warrantor more than a sum of two thousand three hundred and twenty dollars, which leaves a balance still due to the plaintiff of a sum of four thousand nine dollars and thirty-nine cents. That Elkins and Ross transferred to each of their purchasers, and finally to the plaintiff all the rights and actions which Elkins had originally against the late John Foote as curator to the estate of the said Christopher Elliott; that Foote died insolvent, and had never rendered any account of his administration.

The defendant admits that he signed a bond in the year 1811, with one James Martin, as surety for John A. Foote, who had been appointed curator of the estate of C. R. Elliot; but he says that the said Foote was dismissed from his duties of curator aforesaid by the Court of Probates of the parish and city of New-Orleans, and that in the year 1812, this respondent and the said Martin were cited to show cause to said court why they should not pay the amount of the bond aforesaid, which cause is yet pending and undecided in the said court. That the said Elliot owed debts at his death yet unsettled, and that the plaintiff herein has no right to call upon the respondent to account to him individually; that he is now sued upon said bond by one B. C. Elliot, as administrator of the said C. R. Elliot's estate. He denies all and singular the allegations in the said petition contained, except as expressly admitted.

The bond referred to contained the following condition: "The condition of the above obligation is such, that if the above bounden John A. Foote, curator of the estate of the late C. R. Ellit, deceased, does well and truly according to law administer the same, and further, does make and render a true, just and perfect account of his actions and doings, when thereunto lawfully required, either by the aforesaid

judge or his successors in office, agreeably to law, or by the heirs of the said deceased, or their lawful attorney or attornies, or by the duly appointed and authorised executor or executors of the last will and testament of the said deceased, should it hereafter appear that any such will or testament was by the said deceased made, then this obligation to be void, or else to remain in full force and virtue."

The judge *a quo* considered that there was no difference between the situation of a curator and a vendor, who sells a defective title but in good faith with a clause of nonwarranty; in that case, the maxim of *caveat emptor* would clearly apply, the purchaser having the same means of discovering the defect as the vendor. Much reliance was placed upon that part of the condition of the bond given by the curator at the time of his appointment, which says that he shall *legally* administer. He considered that the bond was given as a judicial security, and if the judge has exacted conditions more than the law required, they are to be disregarded; the law has said that the condition of the bond should be "for the fidelity of his administration," and the judge had no right to require more, and he cannot add to this obligation.

The defendant had judgment, from which the plaintiff appealed.

*Soulé*, for the plaintiff and appellant.

*McCaleb* and *Gray*, *contra*, relied on the following points:

1. Longpré cannot sue upon the bond, as it is given only for the security of those who have claims upon the estate, or are interested in its proper administration, as heirs and creditors only; Longpré is neither heir or creditor.

2. White's responsibility is to the estate, its heirs and creditors, and is only to the amount of the inventory or sale; and the whole amount of the latter being already recovered by the heirs and administrator of Elliot, (*Elliot* vs. *Labarre*, 2 *La. Reports*, *p.* 326. 3 *Id. p.* 541. 5 *Id. R. C. Elliot* vs. *Maunsel White*,) he is discharged from any further liability.

*Vattell's Law of Nations*, book 2, *p.* 617. *sec.* 287. *Civil Code*, 3008. *Pothier on Obligations*, vol. 1 *of Sureties, p.* 259, *arts.* 1928, 2121. *Starkie's Law of Evidence, vol.* 3, *title Penalty.* 7 *Wheaton, R.* 13. *Pothier on Obligations, vol.* 1, *p.* 207.

3. There is a suit now pending in the Probate Court, of the *heirs of Elliot* vs. *White and his co-surety*, to account as securities for the administration of Foote.

4. The bond has not been assigned to the plaintiff, and cannot be, now that its original object has been answered, the protection of the estate from the mal-administration of Foote, the curator.

5. But in no event, even admitting that White was responsible in the manner alleged, could Longpré recover more than the sum paid his vendor, Declouet, for that is the extent of the loss sustained by him in consequence of the recovery of the lot in question by the heirs of Elliot.

MATHEWS, J., delivered the opinion of the court.

This is a suit against the surety of one John Foote, who was appointed curator to the succession of Elliot, who died in October, 1811. Judgment being rendered in the court below for the defendant, the plaintiff appealed.

The facts of the case, important to its decision, are the following: Foote, who administered in the capacity of curator to the vacant estate, caused an inventory of it to be made, and had the property sold; amongst which, was a lot of ground, situated in the city, on Bienville street. The heirs of Elliot lately recovered from the person in possession the lot in question, as having been sold by the curator without the formalities required by law. The plaintiff in the present action was cited in warranty and judgment rendered against him for a certain amount, and also judgment in his favor against his immediate vendor, as his warrantor for the same amount, a part of which has been recovered as stated in the petition, &c.; this suit is brought to recover the balance. It appears that the property was purchased at the sale of Elliot's succession, by Samuel Elkins who sold to

EASTERN DIS.
*April*, 1834.

George Ross, and he having failed to pay the price, it was seized and sold. At this sale Declouet became the purchaser, who afterwards sold it to the present plaintiff.

The right of action claimed in the present instance, is assumed under subrogation to the rights of warranty alleged to reach back to Foote as the original vendor:: But whether this assumption be correct or not we deem it useless to enquire, for if it be admitted, it does not follow as a legal or necessary consequence that Foote's sureties in the curator's bond are bound in warranty to purchasers of property belonging to the succession administered by him. The responsibility of sureties in bonds given to secure the faithful discharge of their duties as curators, renders them liable for misconduct only to the heirs and creditors of the deceased. It is evident that the plaintiff is neither heir or creditor of Christopher Elliot, whose succession was administered by Foote. Whatever liabilities *he* may have subjected himself to in consequence of the informalities in the sale of that succession, his sureties cannot be held responsible to any other persons except those *immediately* interested in its faithful administration, viz: creditors and heirs.

*The sureties on a curator's bond are not bound in warranty to purchasers of property belonging to the succession administered by him.*

*The responsibilities of sureties in bonds given to secure the faithful discharge by curators of their duties, render them liable for misconduct only to the heirs and creditors of the deceased.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.